Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JUAN ARNALDO RODRÍGUEZ LÓPEZ<br><br>Apelado<br><br>v.<br><br>SANTIAGO XAVIER RODRÍGUEZ SANTIAGO, Y OTROS<br><br>Apelante | TA2026AP00387 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil núm.: GM2024CV00053 (301)<br><br>Sobre: Cobro de Dinero por la vía ordinaria |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 21 de abril de 2026.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. Santiago Xavier Rodríguez Santiago (señor Rodríguez Santiago o Apelante) mediante el recurso de *apelación* de epígrafe solicitándonos que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI), el 25 de febrero de 2026, notificada el mismo día. Mediante este dictamen, el foro primario declaró *Con Lugar* a una *Solicitud de Sentencia por Estipulación* presentada por las partes el 20 de febrero de 2026.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por la falta de jurisdicción.

### I.

El 26 de enero de 2024, el Sr. Juan Arnaldo Rodríguez López (señor Rodríguez López o apelado) incoó una *Demanda* sobre cobro

de dinero por la vía ordinaria contra el señor Rodríguez Santiago.[1] En apretada síntesis, alegó que el señor Rodríguez Santiago le adeudaba $656,500 por tres (3) préstamos realizados. Sobre la cantidad alegada, desglosó que se dividían en $535,000 en concepto de principal, por la sumatoria de los tres (3) préstamos, y $121,500 por concepto de penalidades por incumplimiento sobre el principal.

El 19 de agosto de 2024, el señor Rodríguez Santiago, por representación de su abogado, el Lcdo. Héctor Ayala Vega, presentó su *Contestación a Demanda*.[2]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 20 de febrero de 2026, las partes sometieron ante el TPI un escrito intitulado *Solicitud de Sentencia por Estipulación.*[3] En el referido escrito, entre otras cosas, las partes acordaron que la suma a pagar sería de $400,000 por concepto de principal, por la sumatoria de lo aun adeudado por los tres préstamos y sus respectivos intereses. Así también, pactaron que el señor Rodríguez Santiago se obligaba a pagar la referida cuantía y, que el señor Rodríguez López desistiría de la demanda de epígrafe.

El 25 de febrero de 2026, el TPI emitió la *Sentencia*[4] apelada declarando *Con Lugar* a la moción solicitando sentencia por estipulación.

El 3 de marzo de 2026, **a pesar de contar con representación legal**, el señor Rodríguez Santiago presentó ante el TPI, por derecho propio, una *Moción de Relevo de Representación Legal.*[5] En esta, el apelante arguyó que existía una ruptura total e irreparable en la relación abogado-cliente, por entender que la confianza en su representación legal se laceró por falta de

---

[1] Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 19.
[3] SUMAC TPI, Entrada núm. 55. (duplicada en la Entrada núm. 56).
[4] SUMAC TPI, Entrada núm. 59.
[5] SUMAC TPI, Entrada núm. 60.

comunicación efectiva, entre otros asuntos. En consecuencia, solicitó el relevo de la representación legal del Lcdo. Héctor Ayala Vega. **Este petitorio no fue atendido por el TPI.**

Ese mismo día, 3 de marzo, el señor Rodríguez Santiago, **aun con representación legal**, presentó por derecho propio una *Moción de Reconsideración al Amparo de la Regla 47(...).*[6] El apelante arguyó que la *Sentencia* impugnada contenía, como estipulaciones, acuerdos que él no autorizó ni que fueron discutidos entre las partes. Específicamente expresó que entre las partes se había discutido y acordado la cuantía de $400,000 y nada se dispuso sobre cláusulas adicionales de embargos, ejecuciones automáticas, inclusión de corporaciones, etc. Así, solicitó al TPI que dejara sin efecto la referida sentencia y ordenara la paralización de cualquier ejecución de la misma u orden de embargo.

El 11 de marzo de 2026, el Lcdo. Héctor Ayala Vega presentó una *Moción Informativa-Presentando Posición.*[7] Según adujo el licenciado, en efecto existen problemas de comunicación, aunque, a su entender, son atribuibles a su cliente. Sin embargo, añadió el licenciado Ayala Vega que le asistía la razón al señor Rodríguez Santiago en cuanto a que "nunca se habl[ó] de embargos ni ejecución[,] la estipulación era únicamente el pago de los $400,000.00 y que se acordaría la ayuda de un tercero cuyo pago saldría entre ambos".[8] Asimismo, el licenciado Ayala Vega le expresó al tribunal que no tenía reparo a lo peticionado por el apelante. A lo que el TPI respondió con un simple *ENTERADO.*[9] **Por lo que, subrayamos que el foro primario no adjudicó la solicitud de relevo.**

---

[6] SUMAC TPI, Entrada núm. 62.
[7] SUMAC TPI, Entrada núm. 68.
[8] *Íd.,* a la pág. 2.
[9] Véase SUMAC TPI, Entrada núm. 70.

El 12 de marzo de 2026, notificada el 16 de marzo siguiente, el TPI emitió una *Resolución Final* declarando *Sin Lugar* a la solicitud de reconsideración.[10]

Inconforme con lo determinado por el foro primario, el señor Rodríguez Santiago acudió por derecho propio ante este foro intermedio imputándole al TPI los siguientes señalamientos de error:

> ERRÓ AL VALIDAR UN ACUERDO SIN CONSENTIMIENTO INFORMADO.
>
> ERRÓ AL RESOLVER SIN AGOTAR TÉRMINOS CONCEDIDOS.
>
> ERRÓ AL VALIDAR DISPOSICIONES QUE AFECTAN A TERCEROS NO EMPLAZADOS NI PARTE DEL CASO.
>
> ERRÓ AL IGNORAR LA ADMISIÓN DEL ABOGADO SOBRE LA FALTA DE CONOCIMIENTO DEL APELANTE.
>
> ERRÓ AL IGNORAR LA FALTA DE COMUNICACIÓN ABOGADO-CLIENTE.
>
> ERRÓ AL ADJUDICAR DERECHOS SIN OPORTUNIDAD DE SER OÍDO.
>
> ERRÓ AL VALIDAR UN ACUERDO SIN CONSENTIMIENTO VÁLIDO.
>
> ERRÓ AL RESOLVER DE FORMA PREMATURA.
>
> ERRÓ AL NO SALVAGUARDAR EL DEBIDO PROCESO.
>
> ERRÓ AL EXTENDER EFECTOS JURÍDICOS A PERSONAS NO EMPLAZADAS.
>
> ERRÓ AL VALIDAR ACTUACIONES AFECTADAS POR REPRESENTACIÓN LEGAL DEFICIENTE.
>
> ERRÓ AL NO CELEBRAR UNA VISTA SOLICITADA.
>
> ERR[Ó] NO [sic] ENTENDER ADECUADAMENTE LA SOLICITUD DE RELEVO DE REPRESENTACIÓN LEGAL I[N]MEDIATA.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

---

[10]  SUMAC TPI, Entrada núm. 71.

**II.**

**Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

**III.**

En el presente caso, el apelante pretende recurrir de la *Sentencia* emitida y notificada el 25 de febrero de 2026, mediante la cual el TPI declaró *Con Lugar* a una solicitud de sentencia por estipulación presentada por las partes. A su vez, en apretada

síntesis, y según lo que se puede colegir del recurso de apelación, el señor Rodríguez Santiago alega que no consintió ni participó del acuerdo que fundamentó la *Solicitud de Sentencia por Estipulación* debido a problemas de comunicación con su abogado.

Analizado el recurso ante nuestra consideración, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquier otra cuestión. Ello, aunque ninguna de las partes haya formulado la petición al respecto.

Así pues, advertimos que la Regla 9.2 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 9.2, preceptúa que el abogado que asuma la representación profesional de una parte y solicite renunciar a dicha representación, **deberá presentar una moción por escrito y el tribunal tendrá la facultad para decidir si acepta la renuncia o la rechaza.**

Por su parte, la Regla 9.4 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 9.4, que las personas naturales en los casos civiles pueden autorrepresentarse siempre que cumpla con, entre otros requisitos, **no estar representadas por abogado o abogada**. Esta disposición establece, además, que el incumplimiento con algunos de los requisitos allí detallados será causa justificada para no permitir o, por otro lado, suspender su autorrepresentación.

Surge del caso de autos que el señor Rodríguez Santiago cuenta con la representación legal del licenciado Ayala Vega y no ha sido relevado de la misma por el tribunal. En nuestro ordenamiento jurídico, para que una persona quede relevada de su representación legal, se le exige al abogado presentar una moción solicitando el relevo. Dicha moción debe ser considerada por el tribunal para determinar si se aprueba o se rechaza. Sin la autorización del tribunal, el representante legal no se entiende relevado.

Así las cosas, toda vez que el apelante cuenta con representación legal, se encuentra impedido de presentar por derecho propio el recurso de epígrafe.

Adicional a esto, y por el mismo razonamiento antes explicado, el señor Rodríguez Santiago se encontraba impedido de presentar un pedido reconsideratorio, de manera que el término jurisdiccional para acudir ante esta *Curia,* para revisar la *Sentencia* apelada, no fue interrumpido por la presentación oportuna de una moción de reconsideración. Es decir, el señor Rodríguez Santiago contaba con el plazo improrrogable de treinta (30) días, contados a partir del 25 de febrero de 2026, finalizando el 27 de marzo siguiente. No obstante, se presentó el recurso el 15 de abril de 2026, en exceso del término jurisdiccional para ello.

Recordemos que el incumplimiento con un término jurisdiccional no admite justa causa y; contrario a un plazo de cumplimiento estricto, es uno fatal, improrrogable e insubsanable, por lo que no puede ser acortado ni extendido. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Su incumplimiento despoja de jurisdicción al foro adjudicativo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). Así pues, la falta de jurisdicción conlleva la desestimación de la reclamación sin considerar los méritos de la controversia, pues, los tribunales ni las agencias pueden asumir jurisdicción donde no la tienen. *Suffront v. AAA*, 164 DPR 663, 674 (2005).

En fin, y como consecuencia de que el apelante cuenta con representación legal sin haber sido relevado, y ante la presentación tardía del recurso, carecemos de jurisdicción para atenderlo y tiene que ser desestimado.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones